# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| MACK T. TRANSOU, | ) |
|     Plaintiff, | ) |
| v. | ) NO. 1:18-cv-00080 |
| CHARLES GODFREY, et al., | ) JUDGE CAMPBELL |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

On November 8, 2018, Plaintiff Mack T. Transou, an inmate at the Northeastern Correctional Complex in Mountain City, Tennessee, filed a *pro se* complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed *in forma pauperis* (IFP) (Doc. No. 2). By Order entered December 17, 2018, the Court denied Plaintiff's IFP application and required him to pay the full filing fee of $400.00, based on his status as a "three-striker" under 28 U.S.C. § 1915(g) who did not allege that he was in imminent danger of serious physical injury.[1] (Doc. No. 5.) Instead, on January 7, 2019, Plaintiff filed a Notice of Appeal from the denial of his IFP application. (Doc. No. 6.) However, on June 4, 2019, the Sixth Circuit Court of Appeals dismissed Plaintiff's appeal for want of prosecution, as he failed to pay the appellate filing fee. (Doc. No. 13.)

On July 18, 2019, the Court entered an Order notifying Plaintiff that he was still liable for payment of the filing fee under the terms of the Court's original deficiency notice. (Doc. No. 14.)

---

[1] Section 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915.

Plaintiff was therefore given 28 days in which to pay the full filing fee of $400.00 if he wished for the Court to consider his complaint. (*Id.* at 1.) Plaintiff was also explicitly warned that failure to pay the filing fee within the time specified would result in assessment of the fee against him and dismissal of this action for want of prosecution. (*Id.* at 1–2.)

To date, well past the 28-day deadline, Plaintiff has failed to pay the filing fee or request an extension of time in which to do so. Instead, he has filed objections to (1) the Court's finding that his three prior case dismissals should be counted as strikes; (2) the Court's determination that his case does not present allegations of imminent danger sufficient to warrant exception from Section 1915(g), and (3) the constitutionality of Section 1915(g) as it impacts his rights to equal protection, due process, and access to the Court. (Doc. No. 15.) However, as stated in the Court's original deficiency notice, Plaintiff had three prior cases dismissed as frivolous or for failure to state a claim and therefore properly accumulated three strikes under Section 1915(g). (Doc. No. 5 at 1.) Moreover, Plaintiff's complaint focuses on the improper medical care he allegedly received following a shoulder and clavicle injury that occurred in 2004, and alleges pain and suffering that has persisted during the intervening 15 years, but clearly fails to allege any imminent danger of serious physical injury. (*Id.* at 2.) Finally, the constitutionality of Section 1915(g) has been repeatedly upheld against the challenges Plaintiff asserts. *E.g.*, *Young v. Sessions*, No. 2:18-cv-12047, 2018 WL 4501482, at *3 (E.D. Mich. Sept. 20, 2018) (citing *Wilson v. Yaklich*, 148 F.3d 596, 604–05 (6th Cir. 1998)).

Plaintiff's failure to comply with the Court's Order requires the dismissal of this action. Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Moreover, "[i]t is clear that the district court does have the power under

Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal." *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Dismissal of this action is appropriate in view of Plaintiff's fault in failing to comply with the Court's Order, despite having been warned that such failure would lead to dismissal. *Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and recommendation adopted*, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018). Under Rule 41(b), dismissal for failure to prosecute can be either with or without prejudice. In view of Plaintiff's *pro se* status, as well as the preference for disposing of cases on their merits, the Court finds dismissal without prejudice to be the appropriate disposition here. *See id.* (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011)).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with the Court's Order. The $400.00 filing fee is hereby **ASSESSED** against Plaintiff. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). Payment shall be made as follows:

The Warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $400.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE